**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-17-50209-001-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Arturo Alarcon-Garcia, | |
| Defendant. | |

The government filed a petition to revoke Defendant Arturo Alarcon-Garcia's supervised release for his 2016 conviction of illegal reentry of a removed alien in violation of 8 U.S.C. § 1326. Doc. 22. Defendant has moved to dismiss the petition, and the government has responded. Docs. 24, 26. Defendant has not filed a reply, and the time for replying has passed. The Court will deny the motion.

The U.S. District Court for the District of New Mexico found Defendant guilty of violating 18 U.S.C. § 1326 and, in August 2016, sentenced him to 18-months in prison and three years of supervised release. Doc. 26-2 at 3-4. A special condition of that release was the requirement that Defendant "must not reenter the United States without legal authorization." *Id.* at 5.[1] In October 2017, immigration officials discovered

---

[1] The supervised release term was transferred from the District of New Mexico to this district in November 2017. Doc. 1.

Defendant in Arizona without legal authorization. Doc. 22. The government alleges in the petition that this reentry violated the special condition. *Id.*[2]

Defendant does not dispute that he violated the special condition. *See* Doc. 24. He contends instead that the Court cannot revoke supervised release because his conviction and sentence in New Mexico were premised on a 2005 removal order this Court found to be invalid in Case No. 2:17-cr-01693-DGC. *Id.* The government counters that Defendant cannot collaterally attack his 2016 conviction and sentence in this supervised release proceeding. Defendant does not address this argument in his motion.

The Ninth Circuit consistently has held that a defendant cannot attack the validity of his underlying conviction or sentence in a supervised release or probation revocation proceeding. *See United States v. Castro-Verdugo*, 750 F.3d 1065, 1068-69 (9th Cir. 2014); *United States v. Gerace*, 997 F.2d 1293, 1295 (9th Cir. 1993); *United States v. Wahchumwah*, 696 F. App'x 840, 841 (9th Cir. 2017); *United States v. De La Rosa-Cruz*, 623 F. App'x 379, 380 (9th Cir. 2015); *United States v. Andrade-Castillo*, 585 F. A'ppx 346, 347 (9th Cir. 2014); *United States v. Christensen*, 356 F. App'x 965, 965 (9th Cir. 2009). This is true no matter how obvious the underlying error might be. *Castro-Verdugo*, 750 F.3d at 1071 ("However much we may agree that the 2011 sentence was imposed in error and that Defendant's 2011 counsel should have moved to correct it promptly, Defendant in fact was still serving a term of probation in 2013."); *United States v. Jones*, 414 F. App'x 913, 914 (9th Cir. 2011) ("Irrespective of the merits of this claim, an appeal from a probation revocation is not the proper avenue for a collateral attack on the underlying conviction." (internal quotation marks omitted)). "The conviction may be collaterally attacked only in a separate proceeding under 28 U.S.C. § 2255, and a court should consider the petition for [supervised release] revocation as if the underlying

---

[2] The government separately charged Defendant with illegal reentry of a removed alien in violation of 8 U.S.C. § 1326, but the Court dismissed the indictment. Case No. 2:17-cr-01693-DGC, Doc. 49.

conviction was unquestioned." *United States v. Simmons*, 812 F.2d 561, 563 (9th Cir. 1987).

Defendant characterizes his motion as a collateral attack on the 2005 removal order, not on his 2016 conviction. Doc. 24 at 3. But the clear purpose of his motion is to invalidate the 2016 sentence and its supervised release term, and he can do so only by invalidating the 2016 conviction on the ground that the 2005 removal was flawed. No matter how it is characterized, this is an attack on the underlying conviction that cannot occur in this supervised release proceeding. *See Wahchumwah*, 696 F. App'x at 841 ("Wahchumwah's due process claim is really a collateral attack on his 2012 sentence. He must bring that attack in a 28 U.S.C. § 2255 motion.").

**IT IS ORDERED** that Defendant's motion to dismiss the petition to revoke supervised release (Doc. 24) is **denied**.

Dated this 10th day of August, 2018.

David G. Campbell
Senior United States District Judge

- 3 -